IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BETTY HOLCOMB, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 15 C 1129 |
| FREEDMAN ANSELMO LINDBERG, LLC, | ) ) | Judge John Z. Lee |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Betty Holcomb has sued the law firm of Freedman Anselmo Lindberg, LLC ("Freedman"), alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(2). In short, Holcomb alleges that Freedman violated the FDCPA by mailing court filings to her directly when Freedman knew that she was represented by counsel in the case. Freedman counters that, while Holcomb's attorney was present at a couple of court hearings, the attorney did not file an appearance and, therefore, was not an "attorney of record." According to Freedman, in such cases, Illinois procedural rules required Freeman to mail the court papers to Holcomb directly. The parties have filed cross-motions for summary judgment. For the following reasons, the Court grants Holcomb's motion [64] and denies Freedman's motion [68].

## DISCUSSION

The material facts of this case are undisputed. Holcomb opened a credit card account with Citibank, N.A. Pl.'s LR 56.1(a)(3) Stmt. ¶ 5. Holcomb eventually could not pay the balance and defaulted on the account. *Id.* Portfolio Recovery Associates, LLC then purchased Holcomb's debt and hired Freedman to collect it. *Id.* ¶¶ 6–7.

In order to collect the debt, Freedman filed a complaint on Portfolio Recovery's behalf against Holcomb in the Circuit Court of Cook County on August 4, 2014. *Id.* ¶ 8. In response to the lawsuit filed against her, Holcomb retained attorneys at Debtors Legal Clinic.[1] *Id.* ¶ 9; Def.'s Ex. 1, 9/16/14 Letter from Finko to Freedman, at 1.

Holcomb's attorney, Andrew Finko, notified Freedman via letter dated September 16, 2014, that Holcomb was represented by Debtors Legal Clinic and that she disputed the debt at issue. Pl.'s LR 56.1(a)(3) Stmt. ¶ 10. In addition, Finko specifically instructed Freedman to contact Debtors Legal Clinic if Freedman wished to discuss the matter. *Id.*

After Freedman received the letter, Freedman added two notations to Holcomb's account: "n-c" and "FDCPAA." *Id.* ¶ 12. According to Barbara Nilsen, who was Freedman's managing attorney at the time, these notations meant "no calls, FDCPA attorney." *Id.* About three weeks later, Freedman sent Holcomb's attorneys a copy of her credit card contract and account information. *Id.* ¶ 13.

The parties appeared before the Circuit Court on November 12, 2014, and January 6, 2015. Holcomb's attorney appeared on behalf of Holcomb at both hearings. His appearance at these two hearings was confirmed in notes taken by Freedman's own attorney. *Id.* ¶¶ 14–18; *see* Def.'s Ex. 4, Nilsen Dep. 18:1–20:1, 38:3–38:16, 39:6–39:20, Oct. 27, 2015; Def.'s LR 56.1(b)(3)(C) Stmt. ¶ 37; Def.'s Ex. 2, Case Information Summary, at 3. More significantly, the appearance of Holcomb's attorney was recognized by the Circuit Court in orders signed by Judge Dennis McGuire and dated November 12, 2014, and January 6, 2015. [CITE—Ex. E and F in Pl.'s exhibits] For whatever reason, however, Holcomb's attorneys did not file a written

---

[1] Freedman has attempted to dispute this fact by arguing that Holcomb has failed to cite anything other than her own testimony in support. Because Holcomb may attest to the fact that she retained her attorneys based on her personal knowledge, her declaration is all the support she needs, and Freedman presents nothing to the contrary.

appearance until January 20, 2015. Def.'s LR 56.1(b)(3)(B) Stmt. ¶ 11; Def.'s Ex. 2, Case Information Summary, at 3.

On January 8, 2015, Freedman, claiming that Holcomb was in default in the state court proceedings, filed a motion for judgment. Pl.'s LR 56.1(a)(3) Stmt. ¶ 20. The next day, Freedman mailed a copy of its motion and notice of motion to Holcomb as well as her attorney. *Id.* ¶ 21. These documents included the name of the current owner of the debt and Holcomb's name. Def.'s Ex. 8, Notice of Motion and Motion for Judgment. In addition, the motion for judgment stated the amount of the alleged debt, which was $10,212.11. *Id.*

According to Holcomb, upon receiving the documents, Holcomb began to feel scared, anxious, and stressed, because she believed that Portfolio Recovery would continue to contact her directly even though she had retained an attorney. Pl.'s LR 56.1(a)(3) Stmt. ¶ 30. Holcomb also suffered anxiety and stress because she thought she could face criminal consequences if a judgment were entered against her. *Id.* ¶ 32.

## **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). At the summary judgment stage, a court must consider any disputed facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead "must

establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

## Analysis

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors" and "to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To this end, § 1692c(a)(2) of the FDCPA provides that "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents." *Id.* § 1692c(a)(2).

Holcomb contends that Freedman violated § 1692c(a)(2) because Freedman knew that she was represented by counsel when it mailed its notice of motion and motion for default judgment regarding the debt collection case directly to Holcomb. Freedman's defense rests on three separate, but related, arguments. First, it contends that, because Holcomb's attorney had not filed a written appearance until January 20, 2015, Freedman "did not have knowledge that Plaintiff had an attorney representing her in the state collection action." Def.'s Resp. Br. at 3. Second, Freedman argues that, because (as far as it knew) Holcomb was proceeding *pro se*, it was merely adhering to the service rules set forth in Illinois Supreme Court Rule 11(a) and Circuit Court of Cook County Rule 2.1(c)(i), which required it to mail the motion and notice to

4

Holcomb directly.[2] According to Freedman, its compliance with these rules precludes a finding of liability because its actions were undertaken with "the express permission of a court of competent jurisdiction." 15 U.S.C. § 1692(a). Third, to the extent it was mistaken, Freedman argues that it is entitled to the bona fide error defense provided in § 1692k(c). None of the arguments has merit.[3]

First, no reasonable jury could find based on the current record that Freedman did not know that Holcomb was represented by an attorney for the purpose of disputing her debt generally and for the purpose of representing her in the state collection case. Freedman knew, based upon the September 16, 2014, letter, that Holcomb had retained Finko of the Debtors' Legal Clinic to represent her with respect to her debt generally. Freedman also knew (as indicated by Freedman's notes) that a lawyer had appeared to represent Holcomb before the Illinois Circuit Court at two separate hearings. Indeed, Freedman himself drafted a proposed order at the end of both hearings indicating that "Defendant's counsel" was "[p]resent before the court." Pl.'s Ex. F, at 3. Furthermore, both of the orders then were signed by Circuit Court Judge McGuire. *Id.* at 3–4.

For its part, Freedman argues that, because the attorney who appeared for Holcomb at the hearings had not filed a written appearance under Illinois Supreme Court Rule 13(a) by January 9, 2015, it had no reason to know that Holcomb had retained an attorney for the state action

---

[2]  Illinois Supreme Court Rule 11(a), entitled "Manner of Serving Documents Other Than Process and Complaint on Parties Not in Default in the Trial and Reviewing Courts," states that "[i]f a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party." In addition, Circuit Court of Cook County Rule 2.1(c)(i), entitled "Manner and Time of Service of Notice," provides that "[n]otice shall be given in the manner and to the persons described in Supreme Court Rule 11."

[3]  Freedman does not dispute that the documents that it sent to Holcomb constitute "communicat[ions] with a consumer in connection with the collection of any debt" as provided in 15 U.S.C. § 1692c(a)(2).

when it mailed the court filings to her. However, this argument not only ignores the information that Freedman had at the time as described above, but it fails to appreciate the import of Judge McGuire's orders.

On November 12, 2014, and January 6, 2015, Judge McGuire entered two orders that expressly recognized Holcomb's counsel's presence on the record. Furthermore, the record indicates that, at both hearings, Judge McGuire addressed the attorneys and entered a schedule for the case. Pl.'s Ex. F, at 3–4. On neither occasion did Freedman object to Holcomb's attorney's ability to participate in the proceedings. The only reasonable conclusion that can be drawn from the language of the orders and what transpired at the hearings is that Judge McGuire recognized the appearance of Holcomb's attorney for the purposes of the case. And indeed, under Illinois law, he had the discretion to do so. *See Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.*, 484 N.E.2d 1178, 1182 (Ill. App. Ct. 1985) (holding that a court may excuse the formal appearance requirement under Illinois Supreme Court Rule 13 where there is neither prejudice to the opposing party nor substantial inconvenience to the trial court); *accord Larson v. Pedersen*, 811 N.E.2d 1204, 1206-07 (Ill. App. Ct. 2004) (same); *see City of Johnston City v. Mohring*, No. 5-14-0525, 2015 WL 4574864, at *8 (Ill. App. Ct. July 29, 2015) (stating that where it is clear from the court record that a party is represented by counsel, a trial court may permit late entry of a formal appearance).

What is more, if Freedman had an objection to Holcomb's counsel, he should have objected at the time. By not doing so, Freedman waived the ability to challenge the attorney's appearance in the case. *See In re E.R.*, No. 2-15-0432, 2015 WL 5511145, at *12 (Ill. App. Ct. Sept. 16, 2015) (holding that where a party fails to object to an attorney's appearance at a hearing in the absence of an appearance under Rule 13, the party forfeits the argument). Here,

6

Judge McGuire (and Freedman, for that matter) recognized Holcomb's attorney's appearance on her behalf for the purposes of defending the case.[4]

*Washington v. Portfolio Recovery Associates, LLC*, No. 14-cv-3854, 2016 WL 5477519, (N.D. Ill. Sept. 29, 2016), is illustrative. There, the defendant (which happened to be Freedman) argued that it did not know that the plaintiff was represented by an attorney in a state collection case because he had failed to serve his formal appearance. *Id.* at *10. The court flatly rejected that argument, pointing out that the plaintiff's counsel had previously sent Freedman a letter noting that he had been retained by the plaintiff, that the plaintiff disputed the debt, and that the plaintiff "intend[ed] to fully participate in the case." *Id.* The court explained that "[r]eading section 1692(c)(a)(2) to require an official attorney appearance would ignore the plain meaning of the phrase 'knows the consumer is represented by an attorney with respect to such debt.'" *Id.* This reasoning applies with equal force to the present case.

The cases upon which Freedman relies are readily distinguishable from the facts of this case. For example, in *Jayko v. Fraczek*, a hospital claimed that a certified mailing should have gone to its attorney under Illinois Supreme Court Rule 11(a) because its law firm's name and address were printed on the notice of lien that was sent to the patient. 966 N.E.2d 1121, 1135 (Ill. App. Ct. 2012. In *Westphall v. Trailers, Campers, Campgrounds, Inc.*, the attorney contacted the opposing side and asked that a hearing on a motion for default judgment be postponed, but then never called again or appeared for the hearing. 392 N.E.2d 741, 744 (Ill. App. Ct. 1979). None of the cases involved an attorney who appeared in hearings before the

---

[4] It is worth mentioning that Illinois Supreme Court Rule 13(c)(6) allows an attorney to appear for a party on a limited basis. Freedman could have insisted that the appearance of Holcomb's attorney be limited to the particular hearing, or Judge McGuire could have limited the attorney's appearance in this way. But nothing in the record indicates that the court's orders were anything but a recognition of Holcomb's attorney's general appearance in the case.

court and was recognized by both the court and opposing counsel as representing the client in the case.

Finally, it must be said that Freedman's own actions belie its position. For if Freedman actually believed that Holcomb was proceeding *pro se*, it would not have felt the need to send a copy of the motion and notice to her attorney. Accordingly, Freedman's argument that it had no reason to believe that Holcomb's attorney was "an attorney of record" is unpersuasive.

This analysis also dispatches Freedman's reliance upon Illinois Supreme Court Rule 11(a) and Circuit Court of Cook County Rule 2.1(c)(i). Those rules, acting together, mandate that any court filings be served upon a party's attorney if the party is represented by "an attorney of record." As noted above, under Illinois law, trial courts have discretion to recognize an attorney's appearance even when the attorney has not formally complied with Illinois S. Ct. Rule 13. Here, Holcomb was represented by an attorney in the state collection case, and Judge McGuire permitted his unlimited, general appearance, thereby qualifying Holcomb's attorney as "an attorney of record" under Illinois Supreme Court Rule 11(a). *See Tobias v. King*, 406 N.E.2d 101, 103–04 (Ill. App. Ct. 1980) (finding attorney was "an attorney of record" even though he had not filed a formal appearance, where he had represented the client without objection, the case was able to proceed without any inconvenience or confusion, and there was no evidence of prejudice to the other party). Therefore, Illinois Supreme Court Rule 11(a) and Circuit Court of Cook County Rule 2.1(c)(i) cannot save Freedman from summary judgment.[5]

Freedman's argument, if adopted, would create an odd result. It would allow a debt collector to send court filings directly to the debtor, even though the debt collector knows that the debtor has retained counsel to contest the debt and even where an attorney for the debtor has

---

[5] For this same reason, Freedman cannot find support in *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 920 (7th Cir. 2004), *superseded on other grounds by statute as stated in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 472 (7th Cir. 2007).

8

appeared and participated in the court action to collect on the debt (without objection from the debt collector), merely because the attorney did not file a formal written appearance. Such a hyper-technical construction is inconsistent with not only Illinois law, but the goals of the FDCPA to counteract abusive debt collection practices both in and out of court. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).[6]

Lastly, Freedman contends that it prevails under the FDCPA's bona fide error defense. "A debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *see Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). However, the United States Supreme Court has held that mistakes of law do not qualify for the defense and only clerical or factual mistakes suffice. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 604–05 (2010).

Freedman argues that it did not intend to violate § 1692c(a)(2). Freedman also contends that it made a bona fide error in believing that the court rules at issue trumped § 1692c(a)(2) by requiring Freedman to serve documents on Holcomb. But Freedman intentionally sent the court filings to Holcomb, and its decision to do so was based on an erroneous interpretation of the law. Accordingly, Freedman cannot take refuge in the bona fide error defense.

---

[6] The Court realizes that this puts the onus on debt collectors to determine whether a debtor's attorney who participates in a collection action but fails to file an appearance is an "attorney of record." But the debt collector can easily address this issue in a number of ways. For example, it could seek clarification from the attorney. Or it could seek an order from the court allowing it to send court filings directly to the debtor (or to his attorney's address) until the debtor's attorney files a formal appearance. *See* 15 U.S.C. § 1692c(a) (permitting debt collector to engage in direct communications with "the express permission of a court").

9

## Conclusion

For the reasons provided herein, the Court denies Freedman's motion for summary judgment [68] and grants Holcomb's cross-motion [64]. Holcomb is entitled to summary judgment as to liability. The parties shall be prepared to schedule a date for the filing of the final pretrial order, the final pretrial conference, and the jury trial on damages at the next status hearing.

**SO ORDERED**  ENTER: 3/24/17

**JOHN Z. LEE**
**United States District Judge**